**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROCHELLE E. GOINS, individually and on behalf of all others similarly situated, | ) ) ) | CLASS ACTION COMPLAINT |
| | ) ) | COLLECTIVE ACTION COMPLAINT |
| Plaintiff | ) | PURSUANT TO 29 USC § 216(b) |
| | ) | |
| vs. | ) | CASE NO.   1:20-cv-1621 |
| | ) | |
| HONG HUANG, BAPU TEAFRESH LLC, | ) | |
| THRIVINGTEEHEE, LLC and | ) | |
| A&A FOOD LLC, | ) | |
| | ) | |
| Defendants | ) | |

***PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION***
***COMPLAINT FOR DAMAGES***

### *I.  STATEMENT OF THE CASE*

Plaintiff Rochelle E. Goins ("Goins") brings this combined FRCP 23 class action and FLSA collective action lawsuit against Defendants Hong Huang, Bapu Teafresh LLC, Thrivingteehee, LLC and A&A Food LLC (hereinafter collectively "Restaurant Employer") to address class-wide wage and hour violations, particularly violations of the FLSA's tip pooling rules, committed by Restaurant Employer against its hourly-paid, tipped employees who work at its Bloomington, Indiana restaurants called Bapu Teahouse, Bapu Fresh and Zero Degrees. Defendant Hong Huang owns and operates the three Defendant limited liability companies and he is the individual FLSA "employer" responsible for the tip pooling violations.  Goins is pursuing Restaurant Employer in a Rule 23 class action formed under the Indiana Crime Victims Relief Act, I.C. 34-24-3-1 (alleging conversion/theft of tips) and a collective action under the Fair Labor Standards Act ("FLSA") to recover tip wages which have been illegally withheld and kept by Restaurant Employer.  Specifically, Restaurant Employer has been keeping all of its employees' tips paid by customers with credit cards and debit cards.

1

## II. FACTUAL ALLEGATIONS

1.        Goins currently resides in Bloomington, Monroe County, Indiana.

2.        Based upon information and belief, the "Restaurant Employer" is comprised of individual Defendant Hong Huang (who is the primary member of each limited liability company and owner/operator of the restaurants) and three separate limited liability company Defendants called Bapu Teafresh LLC, Thrivingteehee, LLC and A&A Food LLC.  Restaurant Employer operates three restaurants in Bloomington, Indiana called Bapu Teahouse, Bapu Fresh and Zero Degrees.  The restaurants serve drinks (tea, bubble tea, smoothies) and food.

3.        Goins is a former employee of Restaurant Employer.  She was hired in early May 2019 and continued to work until she voluntarily resigned her employment on June 5, 2020. Goins worked for Restaurant Employer as a part-time, hourly paid employee at both Bapu restaurants and Zero Degrees.  As part of her wages, Goins was paid tips by the customers to whom she served drinks and food.

4.        At all times during her employment as a server with Restaurant Employer, Goins was paid wages on an hourly basis and she was treated as a non-exempt employee.  In the same way, Restaurant Employer paid all of its server employees wages on an hourly basis and treated all servers as non-exempt employees.  During her employment, Goins was paid at an hourly rate of at least $8.50 and, by the end of her employment, was paid $9.50 per hour.  Based upon information and belief, all of Restaurant Employer's servers are paid at hourly rates that are greater than the FLSA minimum wage of $7.25 per hour.

5.        Goins and all of Restaurant Employer's server employees were promised payment of tips by customers as part of their wages.  The tips were to be in addition to the hourly wages Restaurant Employer paid its servers.

6.        Restaurant Employer, acting by and through Defendant Hong Huang, is and has been systematically taking and keeping all of its server employees' tips paid by customers with credit cards and debit cards.  Generally, Restaurant Employer has allowed Goins and all server

employees to periodically divide among all server employees the cash tips paid by customers (and, generally, collected in tips jars).  Specifically, Restaurant Employer has been illegally taking and keeping all credit card and debit card paid tips and has never paid over the credit card and debit card paid tips to Goins and all other server employees.  This is particularly harmful as more customers pay for purchases with credit cards and debit cards than pay with cash and more tips are paid by customers to Goins and all server employees with credit and debit cards than are paid in cash.

7.      For her claim under the FLSA, Goins is specifically raising claims against Restaurant Employer for its violations of 29 USC § 203(m)(2)(B), as employers and managers are keeping portions of employees' tips.  The tips credit and debit card paid tips that Restaurant Employer illegally took and kept must be paid back to Goins and all other participating server employees.[1]

8.      Restaurant Employer, acting by and through Defendant Hong Huang, knowingly and intentionally exerted unauthorized control over Goins and all server employees' credit card and debit card paid tips, which were specific dollar amounts entrusted by customers to Restaurant Employer and special chattel intended for the dedicated purposes of paying server employees tips for their services.  Stated differently, the credit card and debit card paid tips were entrusted by customers to Restaurant Employer to apply to a special purpose, payment of tips to server employees for their service.  Rather than pay all of those credit card and debit card paid tips to its server employees, Restaurant Employer wrongfully took possession and kept the credit and debit card paid tips for itself and for Restaurant Employer's own unauthorized and wrongful purposes. Moreover, Restaurant Employer wrongfully and illegally enriched itself, for its benefit and to its server employees' harm, by retaining credit and debit card paid tips that were specifically

---

[1]To clarify, Goins is not bringing additional FLSA minimum wage claims based upon the tip credit, see 29 USC § 203(m)(2)(A),  because Restaurant Employer was not using tips to pay a portion of its employees' wages.  Restaurant Employer was paying hourly wages which were in excess of $7.25 per hour.

collected for the intended purpose of paying tips to server employees.

9.      Restaurant Employer is wrongfully misappropriating credit card and debit card paid tips intended for its server employees in each and every work week.  Based upon information and belief, at the three restaurants, Restaurant Employer is misappropriating and keeping hundreds of dollars or more in credit card and debit card paid tips every week.  Goins is specifically asserting and alleging that she was paid tips by customers with credit cards and/or debit cards in each and every week she worked for Restaurant Employer and Restaurant Employer took and kept Goins' credit card and debit card paid tips for itself and to her detriment.

10.     Restaurant Employer has intentionally, knowingly, and with reckless disregard violated Goins and all server employees' rights to tips paid by customers with credit cards and debit cards.  Goins is expressly alleging that Restaurant Employer has acted in bad faith in violating its server employees' rights under the FLSA and the Indiana Crime Victims Relief Act.

11.     By way of this Complaint, Goins seeks for herself and for all other similarly situated server employees all illegally misappropriated credit card and debit card paid tips, plus any and all liquidated damages owed to each.  Additionally, Goins seeks payment of her reasonable attorneys' fees, costs and expenses.

### III.  COLLECTIVE ACTION ALLEGATIONS

12.     Goins incorporates herein by reference paragraphs 1 - 11 above.

13.     This Complaint is brought as a collective action on behalf of other current and former server employees of Restaurant Employer who were similarly denied payment of credit card and debit card paid tips under Restaurant Employer's scheme.  This collective action protects all such server employees who work or have worked for Restaurant Employer at one or more of its Bloomington, Indiana restaurants at any time from three years prior to the filing of this Complaint to the present.

14.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Goins and all of Restaurant Employer's

4

current and former server employees who were damaged by Restaurant Employer's tip confiscating scheme.  By virtue of the "collective action," Goins represents the identical and/or similar interests of former and current hourly-paid server employees who were deprived and not paid credit card and debit card paid tips under the same circumstance.  Goins anticipates that other Restaurant Employer server employees will opt in to the action.

15.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

16.     Goins' claims are typical of the claims of the whole collective group of current and former hourly-paid server employees harmed by Restaurant Employer's unlawful taking and retention of credit card and debit card paid tips.  Goins' claims are typical of the claims of the whole class of current and former servers harmed by Restaurant Employer's unlawful taking and retention of server employees' credit card and debit card paid tips.

17.     Goins will act to fairly and adequately protect the interests of the entire collective group of current and former server employees of Restaurant Employer.

18.     A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of FLSA violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

19.     A collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

## IV.  CLASS ACTION ALLEGATIONS

20.     Goins incorporates herein by reference paragraphs 1 - 19 above.

21.     This Complaint is brought as a class action on behalf of other current and former server employees of Restaurant Employer who were similarly denied payment of credit card and debit card paid tips under Restaurant Employer's scheme.

22.     With respect to Rule 23(b)(3) class action claims, Goins will serve as class representative over the following class:

> Goins will serve as class representative for the class-wide claims brought under the Indiana Crime Victims Relief Act based upon conversion and/or theft.  This action is filed as a class action pursuant to Rule 23 of the Indiana Rules of Trial Procedure on behalf of Goins and on behalf of all eligible current and former server employees of the Restaurant Employer who were damaged by Restaurant Employer's credit card and debit card paid tip confiscation scheme.  By virtue of the class action, Goins represents the identical and/or similar interests of former and current server employees of Restaurant Employer were denied credit card and debit card paid tips under the same circumstance.

23.     The number of Restaurant Employer's current and former server employees who will be members of this class action is so great (numerosity) that joinder of all members is impractical.  Instead, Goins will pursue discovery to obtain the names of the other current and former server employees, to provide notice of the class action and to offer the opt out opportunity.

24.     Particularly with the type of conversion/theft claim and practice at issue in this case, there are questions of law and fact that are common to the entire class.

25.     Goins' claims are typical of the claims of the whole group of current and former server employees harmed by Restaurant Employer's illegal conversion/theft of credit card and debit card paid tips entrusted to it by customers for payment to server employees.

26.     Goins will act to fairly and adequately protect the interests of the entire class of current and former server employees of Restaurant Employer.

27.     A class action is superior to other available means for the fair and efficient prosecution of these conversion/theft claims against Restaurant Employer.  For example, to prove Restaurant Employer's illegal practices, Goins and other members of this class would seek in discovery records about all similarly situated current and former server employees who were subjected to the same or similar tip confiscation scheme.  Individual lawsuits by the members of

the class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds.  Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

28.     A determination regarding the "similarness" of those able to participate in the class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of Indiana statutory violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their tips under Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

29.     A class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

## V.  JURISDICTION AND VENUE

30.     This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331, 28 USC § 1343, and 29 USC § 201 et seq. as Plaintiff's FLSA claims raise federal questions of law.  This Court has supplemental jurisdiction over Plaintiff's related claims under the Indiana Crime Victims Relief Act, which are based upon common sets of facts.

31.     Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## VI.  STATEMENT OF CLAIMS

### A.  Claim Under the Fair Labor Standards Act

32.     Goins incorporates herein by reference paragraphs 1 - 31 above.

33.     Individually and/or jointly, each Defendant - Restaurant Employer - is a covered employer subject to the provisions of the Fair Labor Standards Act.  Each Defendat, individually and/or jointly, is an "enterprise."  See 29 USC § 203(s)(1).  Further, each Defendant is an

"employer" as that term is defined under the FLSA at 29 USC § 203(d).  Finally, each Defendant is a "person" as that term is defined under the FLSA.  29 USC § 215.

34.   Goins is expressly alleging that Defendant Hong Huang exercised operational control over each Defendant, controlled all significant business functions of each Defendant, and acted on behalf of and in the interest of each Defendant in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint.  Hong Huang is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  Hong Huang is a "person" as that term is defined under the FLSA.  Hong Huang jointly and collectively operates all Defendant companies and is an "enterprise" as that term is defined under the FLSA.  See 29 USC § 203(s)(1).

35.   Defendants Hong Huang, Bapu Teafresh LLC, Thrivingteehee, LLC and A&A Food LLC constitute a "joint employer" as that term is defined under the FLSA.  Defendant Hong Huang operates all three Defendant limited liability companies as a single enterprise, including the sharing of employees from one restaurant to another.  Defendants operate as a single enterprise and are subject to the same rules and conditions, including a common scheme to take credit card and debit card paid tips as described herein.

36.   Goins and all similarly situated server employees are hourly paid, non-exempt employees entitled to the protections of the FLSA, including protections prohibiting employers from sharing or keeping any tips from a tip pool.  29 USC § 203(m)(2)(B).

37.   By taking all credit card and debit card paid tips from its server employees, Restaurant Employer must pay damages to Goins and all opt in plaintiffs in an amount equal to the unlawfully taken credit card and debit card paid tips, plus an equal amount as liquidated damages.

38.   Restaurant Employer's failure to comply with the Fair Labor Standards Act's provisions regarding tips is willful and without justification.

39.     Goins seeks for herself and all similarly situated server employees all available damages, including all illegally confiscated credit card and debit card paid tips, liquidated damages, payment of reasonable attorneys' fees, costs and expenses, and any and all other damages to which each may be entitled for Restaurant Employer's violations of the Fair Labor Standards Act.

### B. Claim For Criminal Conversion Under Indiana Crime Victim's Relief Act

40.     Goins incorporates herein by reference paragraphs 1 - 39 above.

41.     As described hereinabove, Restaurant Employer, particularly acting by and through Defendant Hong Huang, committed individual and class-wide acts of criminal conversion, in violation of I.C. 35-43-4-3, each time it took a credit card or debit card paid tip from Goins or any other Plaintiff Class Member.  Restaurant Employer knowingly and intentionally exerted unauthorized control over Plaintiffs' tips, which were specific dollar amounts and special chattel intended for the dedicated purposes of paying Plaintiffs a tip for service provided to a customer.  Stated differently, the credit card and debit card paid tips were entrusted by customers to Restaurant Employer to apply to a special purpose, payment of tips to server employees.  Rather than pay all credit card and debit card paid tips to server employees, Restaurant Employer wrongfully took possession and kept the tips for itself and for Restaurant Employer's own unauthorized and wrongful purposes.  Moreover, Restaurant Employer wrongfully and illegally enriched itself, for its benefit and to Plaintiffs' harm, by retaining tips that were specifically collected for the intended purpose of paying tips to server employees.

42.     Restaurant Employer knowingly, intentionally and wrongfully retained for itself significant (tens of thousands of dollars during the covered period of time) tips without Plaintiffs' authorization and to Plaintiffs' harm and detriment.

43.     As a direct and proximate result of Restaurant Employer's repeated and class-wide acts of  criminal conversion, Goins and all Plaintiffs have suffered injuries and damages.  All Plaintiffs subjected to one or more act of confiscation of a credit card and debit card paid tip

have been victims of criminal conversion and have suffered substantial, class-wide pecuniary losses.

44.　　As a direct and proximate result of Restaurant Employer's conversion of Goins' and Plaintiff Class Members' credit card and debit card paid tips, Plaintiffs are entitled to damages under the Indiana Crime Victim's Relief Act. On a class-wide basis, Plaintiffs are entitled to an amount equal to three times the sum of all credit card and debit card paid tips criminally converted by Restaurant Employer.  Plaintiffs' attorneys' fees, costs and expenses, along with all travel expenses and direct and indirect expenses incurred by Plaintiffs related to any court proceedings, along with any and all other relief available to Plaintiffs under I.C. 34-24-3-1.

### C. Claim For Theft Under Indiana Crime Victim's Relief Act

45.　　Goins incorporates herein by reference paragraphs 1 - 44 above.

46.　　As described hereinabove, Restaurant Employer, particularly acting by and through Defendant Hong Huang, committed individual and class-wide acts of theft, in violation of I.C. 35-43-4-2, each time it took a credit card or debit card paid tip from Goins or any other Plaintiff Class Member.   Restaurant Employer knowingly and intentionally engaged in criminal conversion with the intent to deprive Goins and Plaintiff Class Members of the value of Plaintiffs' credit card and debit card paid tips, when it exerted unauthorized control over Plaintiffs' credit card and debit card paid tips, which were specific dollar amounts and special chattel intended for the dedicated purposes of paying Plaintiffs' tips for service provided to customers.  Stated differently, the credit card and debit card paid tips were entrusted by customers to Restaurant Employer to apply to a special purpose, payment of tips to server employees.  Rather than pay all credit card and debit card paid tips to server employees, Restaurant Employer wrongfully took possession and kept the tips for itself and for Restaurant Employer's own unauthorized and wrongful purposes.  Moreover, Restaurant Employer

wrongfully and illegally enriched itself, for its benefit and to Plaintiffs' harm, by retaining tips that were specifically collected for the intended purpose of paying tips to server employees.

47. Restaurant Employer knowingly, intentionally and wrongfully retained for itself significant (tens of thousands of dollars during the covered period of time) tips without Plaintiffs' authorization and to Plaintiffs' harm and detriment.

48. As a direct and proximate result of Restaurant Employer's repeated and class-wide acts of theft, Goins and all Plaintiffs have suffered injuries and damages.  All Plaintiffs subjected to one or more act of confiscation of a credit card and debit card paid tip have been victims of theft and have suffered substantial, class-wide pecuniary losses.

49. As a direct and proximate result of Restaurant Employer's theft of Goins' and Plaintiff Class Members' credit card and debit card paid tips, Plaintiffs are entitled to damages under the Indiana Crime Victim's Relief Act. On a class-wide basis, Plaintiffs are entitled to an amount equal to three times the sum of all credit card and debit card paid tips stolen by Restaurant Employer.  Plaintiffs' attorney's fees, costs and expenses, along with all travel expenses and direct and indirect expenses incurred by Plaintiffs related to any court proceedings, along with any and all other relief available to Plaintiffs under I.C. 34-24-3-1.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff Rochelle E. Goins, individually and on behalf of all similarly situated server employees, respectfully requests that the Court enter judgment in the Plaintiff Class's favor and against the Defendants, and award to Goins and the Plaintiff Class all available damages, including, but not limited to, illegally confiscated credit card and debit card paid tips, all liquidated damages, statutory damages, any and all equitable relief, plus payment of reasonable attorney's fees, costs and expenses, pre-judgment interest, and any and all other relief just and proper in the premises.

HASSLER KONDRAS MILLER LLP
100 Cherry St.
Terre Haute, Indiana 47807
(812) 232-9691


By/s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   Attorney for Plaintiff
   kondras@hkmlawfirm.com


BUNGER & ROBERTSON
226 South College Avenue
Bloomington, Indiana 47404
(812) 332-9295


By/s/James L. Whitlatch
   James L. Whitlatch
   Attorney No. 2135-53
   Attorney for Plaintiff
   jwhit@lawbr.com