# EXHIBIT A

DocuSign Envelope ID: 1A8D5292-755C-41D0-BFA7-97815967D3F5

# **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

In exchange for the mutual promises contained in this Confidential Settlement Agreement and Release ("Agreement") and to avoid the cost and expenses of further pursuit of claims, Plaintiff Rochelle E. Goins ("Goins") and Defendants Hong Huang, Bapu Teafresh LLC, ThrivingTeehee, LLC, and A&A Food LLC (collectively, "Defendants") agree to the following:

A. WHEREAS, Goins was formerly employed by Bapu Teafresh LLC and A&A Food LLC;

B. WHEREAS, Goins filed a lawsuit against Defendants in the U.S. District Court for the Southern District of Indiana captioned as *Rochelle Goins v. Hong Huang, Bapu Teafresh LLC, ThrivingTeehee, LLC and A&A Food LLC,* Case No. 1:20-cv-01621-TWP-MPB, (the "Lawsuit"), in which Goins asserted claims under the federal Fair Labor Standards Act ("FLSA") and Indiana state law;

C. WHEREAS, the parties wish amicably to resolve the Lawsuit and to fully and finally resolve any disputes between them;

NOW, THEREFORE, the parties agree as follows:

1. <u>Release and Waiver of Claims</u>. To the fullest extent permitted by law, Goins releases and waives any and all claims (including personal claims and claims for interest, attorneys' fees and costs) that exist as of the date Goins executes this Agreement, whether known or unknown, that have been or could be asserted by Goins against any of the Defendants, any of their affiliated entities, and any of their current and former directors, officers, managers, supervisors, representatives, agents, shareholders, members, insurers, fiduciaries, attorneys and/or employees in both their individual and representative capacities (collectively, the "Releasees"). This release and waiver includes, but is not limited to, claims (a) under contract or tort law, (b) under any federal, state or local statute or ordinance, including but not limited to, the FLSA, the Indiana Wage Payment Statute, the Indiana Wage Claims Statute, and the Indiana Crime Victim's Relief Act and (c) for any acts or omissions occurring prior to the date Goins executes this Agreement, including, but not limited to, those arising out of or connected with Goins' employment or separation from employment with any of the Defendants. This release and waiver specifically includes, but is not limited to, any claims or allegations that were, or could have been, made by Goins in the Lawsuit. However, the parties agree that nothing in this Agreement shall be construed to constitute a release and waiver of future claims arising after the execution of this Agreement, nor to prohibit Goins from filing or participating in the investigation of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or its state or local counterpart agency. Goins is releasing and waiving Goins' right to file a court action based on any such Charge.

Nothing in this release and waiver shall be construed to release and waive any obligations created by this Agreement. This release and waiver does not include any claims that cannot by law be released through this Agreement, but the parties intend that it be construed as broadly as lawfully possible.

DocuSign Envelope ID: 1A8D5292-755C-41D0-BFA7-97815967D3F5

2. <u>Dismissal of Lawsuit</u>. Goins agrees to dismiss the Lawsuit referenced in Recital B. above, with prejudice, and shall promptly cause her legal counsel to execute and provide to counsel for Defendants a signed joint motion for approval of settlement agreement and dismissal with prejudice of the Lawsuit.

3. <u>Payments</u>. In consideration of this Agreement, Defendants agree to pay to or on behalf of Goins the gross amount of Eight Thousand Dollars ($7,900.00) for the full and complete release and waiver of all claims set forth above in Paragraph 1 above and for the other promises and commitments made in this Agreement. The payments may be issued by any one of Defendants, but will be deemed paid on behalf of all Defendants and in consideration of Goins' release of all Releasees and the other terms and conditions of this Agreement. Payment shall be by three checks, as follows:

   a. The first check will be made payable to Goins in the amount of One Thousand Two Hundred and Fifty Dollars ($1,250.00), less all applicable tax withholdings, representing alleged lost wages;

   b. The second check will be made payable to Goins in the amount of One Thousand Two Hundred and Fifty Dollars ($1,250.00), representing alleged liquidated damages;

   c. The third check will be made payable to Hassler Kondras Miller LLP in the amount of Two Thousand Nine Hundred Dollars ($2,900.00), for attorney's fees and costs.

   d. The fourth check will be made payable to Bunger & Robertson in the amount of Two Thousand Five Hundred Dollars ($2,500.00), for attorney's fees.

Goins and her counsel will provide completed Forms W-9 and any other information or documentation necessary for Defendants to process these payments. The checks will be delivered to counsel for Goins no later than fifteen (15) business after the latest of: (i) the date on which counsel for Defendants has received a copy of this Agreement executed by Goins and her counsel; (ii) the date of which counsel for Defendants has received from Goins and her counsel completed W-9 forms or other documentation necessary to process the payments under this Paragraph; and (iii) date on which the Court approves this Agreement and dismisses the Lawsuit with prejudice.

4. <u>Taxation of Payments</u>. Defendants will report the settlement payment in Paragraph 3(a) on Form W-2. Goins will report the settlement payments in Paragraph 3(b), (c), and (d) on Forms 1099. Goins agrees that she will pay any taxes she may owe because of the payments under this Agreement and agrees to hold the Releasees harmless for any tax liability, penalties, interest, and attorneys' fees arising out of Goins' own failure to pay any taxes due on these amounts.

5. <u>Court Approval</u>. The Parties agree jointly to move the Court in the Lawsuit for approval of this Agreement, and that a denial of such motion by the Court will render this Agreement in its entirety null and void and Goins shall not be entitled to any payments under this Agreement.

6. **Confidentiality**. Other than as set forth in Paragraph 5, Goins agrees and covenants to keep completely confidential and not to disclose or cause to be disclosed, directly or indirectly, the existence, terms, conditions or other provisions of the settlement between the parties or of this Agreement to any third party, except that Goins may disclose the terms of this Agreement to her spouse (if any), legal counsel, accountants, tax preparers, to the EEOC or its state or local counterpart agency, or as required by law. Should Goins or one of these other persons or entities (excluding any governmental agency) to whom she may disclose this Agreement under the terms of this Paragraph reveal the existence or terms of this Agreement in violation of this Paragraph, then Defendants shall be entitled to recover from Goins Five Hundred Dollars ($500.00) per each such breach, plus their reasonable attorney fees should they prevail in an action against Goins for such breach. It shall not be a violation of this paragraph for Goins to state that any dispute between her and Defendants "has been resolved."

7. **No Rehire/Re-application**. Goins waives any right to reinstatement to employment with Bapu Teafresh LLC or A&A Food LLC and agrees that she will not seek, nor will she accept, employment with any of the Defendants or any of their affiliates in the future.

8. **Non-Admission**. This Agreement was made in compromise of vigorously disputed claims and the payments and agreements made are not an admission by any party of liability, violation of law, or the commission of any wrongful act. The parties specifically deny any liability, any violation of federal, state, or local law, or that they have committed any wrongful act.

9. **Binding Nature**. Each party signing below represents and warrants that they have the authority and authorization to execute this Agreement on behalf of the party for whom they purport to sign. This Agreement is binding upon Goins and Goins' heirs, administrators, representatives, and executors, upon Defendants and their representatives and successors. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against the drafter, and in accordance with the laws of the State of Indiana.

10. **Entire Agreement and Severability of Provisions**. This document sets forth the entire agreement between Goins and Defendants concerning the subject matter of this Agreement. It supersedes any and all prior agreements or understandings between them, written or oral, pertaining to the subject matter of this document. Goins acknowledges that in executing this Agreement, Goins is not relying upon any representation or statement made by Defendants or by any of their representatives or attorneys, other than those that are specifically stated in this Agreement. Should any provision of this Agreement be found unenforceable or invalid for any reason, that fact shall not affect the enforceability or validity of its remaining provisions.

11. **Acknowledgements**. Goins acknowledges that she has: a) carefully read and fully understands the provisions of this Agreement; b) had a reasonable time to consider this Agreement; c) had reasonable opportunity to discuss all of the provisions of this Agreement with her attorneys, and d) entered into this Agreement voluntarily.

12. **Counterparts**. This Agreement may be executed in counterparts, which taken together shall constitute but one Agreement.

[Signature: Rochelle IF.63F7AA2AD52481...]
Date: 9/11/2020

[Signature]
Hong Huang
Date: 9/14/2020

**BAPU TEAFRESH, LLC**

By: [Signature]
Printed: Hong Huang
Title: Owner
Date: 9/14/2020

**THRIVINGTEEHEE, LLC**

By: [Signature]
Printed: Hong Huang
Title: Owner
Date: 9/14/2020

**A&A FOOD LLC**

By: [Signature]
Printed: Hong Huang
Title: Owner
Date: 9/14/2020

Approved as to form:

| HASSLER KONDRAS MILLER LLP | FAEGRE DRINKER BIDDLE REATH LLP |
|---|---|
| By: *Robert P. Kondras* | By: *Edward E. Hollis* |
| Robert P. Kondras | Edward E. Hollis |
| 100 Cherry Street | 300 N. Meridian Street, Suite 2500 |
| Terre Haute, IN 47807 | Indianapolis, IN 46204 |
| Phone: (812) 232-9691 | Phone: (317) 237-0300 |
| Email: kondras@hkmlawfirm.com | Email: edward.hollis@faegredrinker.com |

*Attorneys for Defendants*

James L. Whitlatch
BUNGER & ROBERTSON
226 South College Avenue
Bloomington, IN 47404
Phone: (812) 332-9295
Email: jwhit@lawbr.com

*Attorneys for Rochelle Goins*